UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

Great West Casualty Company, )
 )
    *Plaintiff*, )
 )
v. ) Case No. 3:15-cv-050-PLR-CCS
 )
Bobbie M. Phillips and )
Joseph Evan Hutcheson, )
 )
    *Defendants*. )

## **MEMORANDUM OPINION**

This matter comes before the Court on the plaintiff's motion to remand this action to state court. [R. 3]. In support of its motion, the plaintiff asserts that the complaint, as amended [R. 2] alleges only state law claims. The defendants, Bobbie Phillips and Joseph Hutcheson, have responded in opposition. [R. 5, 7]. Also before the Court are two motions to strike—one filed by the plaintiff [R. 8], and one filed by defendant Hutcheson [R. 12].

This Court's subject matter jurisdiction is based on the complaint at the time the notice of removal was filed. *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004). The plaintiff's original complaint contained a claim under a federal statute, the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, so removal was proper. The day the notice of removal was filed, however, the plaintiff filed an amended complaint removing the federal claim. [R. 2]. If all federal claims are dismissed, the Court's exercise of supplemental jurisdiction over the remaining state-law claims is discretionary. 28 U.S.C. § 1367(c); *see also Harper*, 392 F.3d at 210-11 ("When a subsequent narrowing of the issues excludes all federal claims, whether a pendant [sic] state claim should be remanded to state court is a question of judicial discretion,

not of subject matter jurisdiction.") (citation omitted). The plaintiff now asks the Court to decline to exercise supplemental jurisdiction and to remand the action to state court.

In determining whether to retain jurisdiction over remaining state-law claims, the Court considers several factors, including "the values of judicial economy, convenience, fairness, and comity." *Gamel v. City of Cincinnati*, 625 F.3d 949, 951-52 (6th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). The Court can also consider the use of "manipulative tactics" on the plaintiff's part in balancing the relevant factors. *See, e.g., Harper*, 392 F.3d at 211; *Carnegie-Mellon*, 484 U.S. at 357. Generally, however, the Sixth Circuit "applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed." *Packard v. Farmers Ins. Co. of Columbus*, 423 F. App'x 580, 584 (6th Cir. 2011).

Though the plaintiff's motivation in removing the federal claim is questionable, such tactics do not outweigh the factors supporting remand. As this Court has previously explained, "While defendants . . . may not like the fact that plaintiff has been able to secure a state forum through the use of so-called 'manipulative tactics,' this is an insufficient basis to prevent a remand in this case." *Loftis v. UPS, Inc.*, 2001 U.S. Dist. LEXIS 25300, *17 (E.D. Tenn. Aug. 23, 2001) (finding remaining state-law claims to be "hardly the type of case for resolution in federal court" even when plaintiff deleted federal claims only after removal).

Application of the other *Carnegie-Mellon* factors supports remand. Judicial economy concerns are not present in this case. The plaintiff removed all federal-law claims the day that the case was removed, no dispositive motions have been filed, and the defendants have not filed an answer to the complaint. The remaining claims are based solely on Tennessee state law. Additionally, the motion for remand was filed at an early stage of litigation, so remanding the

case to state court would not result in the parties needlessly rehashing the issues. For these reasons, the values of judicial economy and concerns about the plaintiff's possible use of "manipulative tactics" does not outweigh the Court's interest in abstaining from "needlessly deciding state law issues." *Id.* at 211; *see also Stowers v. Boggs*, 2009 U.S. Dist. LEXIS 63292, *14 (N.D. Ohio July 6, 2009) (remanding a case because of judicial economy, comity, and federalism concerns even after the plaintiff admitted to eliminating federal claims to litigate in state court).

Finally, this case is distinguishable from previous Sixth Circuit cases where the court retained jurisdiction over only state-law claims after the complaint was amended. In *Harper*, the district court denied the plaintiff's motion to remand the case because, among other things, the case had been on the court's docket for nearly a year, the court had made several substantive rulings in the case, and the plaintiff did not amend the complaint until the defendants' summary judgment motions were ripe for decision. *Harper*, 392 F.3d at 211; *see also Taylor v. First Am. Bank-Wayne*, 973 F.2d 1284, 1288 (6th Cir. 1992) (retaining jurisdiction when case had been on docket for almost two years, voluminous discovery was completed, and the defendant's motion for summary judgment was ripe).

Accordingly, the plaintiff's motion to remand to state court, [R. 3], is **Granted**. The plaintiff and defendant's motions to strike [R. 8, 12] are **Denied**.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

3

Case 3:15-cv-00050-PLR-CCS   Document 13   Filed 06/29/15   Page 3 of 3   PageID #: 141